IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALPHONZA LEONARD PHILLIP THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22CV271 |
| ) | |
| JOE BIDEN, ) | |
| ) | |
| Defendant(s). ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina serving a sentence of life in prison following convictions for murder and arson, has made several past filings with the Court. In the present case, the Court received an envelope bearing a return address with Plaintiff's name and a post office box which is not connected to the prison where he is housed or any other correctional institution. It contained a *pro se* "Avernment of Jurisdiction and Federal-Question Jurisdiction" using the name Abdi Keba-Bey, and a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) signed by a person with that same name. Attached to the "Avernment" are several documents, some of which are also signed by Keba-Bey, but others of which are signed by Plaintiff. The filings name the President of the United States as the "respondent" in the case and contend that a number of Plaintiff's constitutional rights have been or are being violated. The documents are rambling and somewhat difficult to decipher, but are all based on the contention that Plaintiff is a

"Moorish-American National" and that, because of this fact, neither North Carolina nor the United States of America has jurisdiction over him. The filings also rely on commercial and civil law. They claim that Plaintiff's incarceration violates his rights and seek his release from prison as well as a check for $1,000,000,000.

It is not entirely clear from the filings, but it appears that a third party, who is not an attorney admitted to practice in this Court, may have completed some of the paperwork in this case and filed it on Plaintiff's behalf, perhaps with Plaintiff's knowledge and cooperation. Another *pro se* party cannot file an action on Plaintiff's behalf. Therefore, this action is not proper and should be dismissed. If Plaintiff seeks to file an action in this Court, he must do so through counsel or by signing his own *in forma pauperis* application and complaint.

Further, to the extent Plaintiff did authorize and cooperate with the current filing and might seek to make such a filing himself in the future, he should be aware that the claims contained therein are frivolous. Some of them attempt to undermine his convictions or sentences. Plaintiff may not do so without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

Further, Plaintiff previously attempted to attack his convictions in a habeas corpus petition under 28 U.S.C. § 2254 in case 1:16CV524 using essentially the same theories he raises here. The Court dismissed that case *sua sponte* on its merits and informed Plaintiff

2

that commercial and civil law cannot be used to invalidate a criminal conviction or sentence, that a person's nationality or ethnicity are not relevant to the validity of a conviction, and that a person's claimed identity as a Moorish American does not absolve him of criminal liability or prevent courts from exercising jurisdiction. See also El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) (unpublished) (collecting cases rejecting similar claims). Plaintiff also raised those claims in two other civil actions, cases 1:19CV692 and 1:20CV365, which the Court dismissed for being frivolous. The claims raised here are likewise frivolous, whether raised by Plaintiff or a third party.

The Complaint should be dismissed without prejudice to Plaintiff filing a proper action raising nonfrivolous claims after requesting the proper forms for filing such an action from the Clerk's Office of this Court, and signing the forms himself. The request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed without prejudice to Plaintiff filing an action using the proper forms competed and signed by Plaintiff.

This, the 1st day of November, 2022.

/s/ Joi Elizabeth Peake
United States Magistrate Judge
